UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TRACY HERTEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:10-CV-331-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Tracy Hertel, a prisoner proceeding pro se, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [DE 1] seeking to challenge his 2008 conviction on multiple drug offenses in St. Joseph County Superior Court. *State v. Hertel*, 71D08-0409-FA-0096. The Court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases.

Hertel's Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn

> requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025–26 (internal citations and quotation marks omitted). Here, it is clear from the Petition and attached documents that Hertel has not yet exhausted his state court remedies.

Hertel was convicted of multiple drug offenses following a jury trial and, on March 31, 2008, he was sentenced. [DE 1 at 1.] He filed a notice of appeal, but before the appeal was decided he moved to dismiss pursuant to Indiana's *Davis-Hatton* procedure. [DE 1 at 20.] Under this procedure, a defendant can seek leave to have his direct appeal suspended while he pursues post-conviction relief in the trial court; after the trial court rules on the post-conviction petition, the appellate court consolidates the two cases for review. *See Slusher v. State*, 823 N.E.2d 1219, 1222 (Ind. Ct. App. 2005); Ind. App. R. 37. Hertel sought to use the *Davis-Hatton* procedure to develop claims of ineffective assistance of trial counsel in post-conviction proceedings. [DE 1 at 3.] The appellate court granted Hertel's request and dismissed his appeal without prejudice. *See Hertel v. State*, No. 71A05-0805-CR-0286 (Ind. App. Ct. order dated Mar. 31, 2009.)

Hertel then returned to the trial court and, in his words, filed "14 motions and 14 affidavits" in an attempt to develop the record. [DE 1-1 at 11.] After 90 days had passed, Hertel concluded that the trial court was not moving quickly enough in resolving these motions, so he withdrew them and filed a notice of appeal. [*Id.* at 11–12.] In January 2010, the appellate court dismissed the appeal and directed him to file a post-conviction petition in the trial court. *See*

*Hertel v. State*, 71A05-0908-CR-00476 (Ind. App. Ct. order dated Jan. 12, 2010). Hertel filed his post-conviction petition in May 2010, and the petition remains pending. [DE 1 at 3.]

It is apparent from the above that Hertel has not yet exhausted his state court remedies with respect to any of the claims contained in his Petition.[1] He has not yet completed a direct appeal and has only just begun the process of seeking post-conviction relief. Until the state process is completed, Hertel cannot obtain habeas relief in federal court. *Lewis*, 390 F.3d at 1025–26.

Hertel nevertheless argues that his failure to exhaust should be excused because of excessive delay in the state proceedings. [DE 1-1.] "In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the State has led to manifest injustice to the petitioner." *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987). To qualify for this exception, the delay must be "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). For instance, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years despite [the petitioner's] attempts . . . to obtain a ruling," the Seventh Circuit found grounds for excusing the exhaustion requirement, assuming the state could not show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878–79 (failure to exhaust excused where state took no action on post-conviction petition for five and one-half years.)

Hertel's case does not fall into this exceptional category. This is not a case where the state proceedings have been lying "dormant" for several years. Instead the record shows that

---

[1] Hertel raises eighteen different claims in his federal Petition, including multiple grounds of ineffective assistance of counsel, a violation of his speedy trial rights, prosecutorial misconduct, and insufficient evidence. [DE 1.]

3

since 2008, the Indiana appellate court has issued multiple orders in connection with Hertel's case, including granting his request to dismiss his appeal without prejudice so he could pursue post-conviction relief.[2] Hertel's post-conviction petition has only been pending for three months, and he appears to have unreasonable expectations regarding how long it will take to resolve the post-conviction proceedings. He has not experienced the type of inordinate delay that would excuse his failure to exhaust.

Furthermore, the exhaustion requirement can be excused only when the delay is attributable to the state. *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995.) Hertel complains that more than two years have elapsed since his original notice of appeal was filed and "[t]here has been no review of the convictions or sentences." [DE 1-1 at 7.] However, Hertel himself asked for his appeal to be dismissed so that he could pursue post-conviction relief, as a result of which the Indiana Court of Appeals did not rule on his appeal. After the remand, proceedings were further delayed when Hertel decided to withdraw all his pending motions and file another notice of appeal, which was ultimately dismissed. Under these circumstances, Hertel has not shown that delay attributable to the state should excuse his failure to exhaust. *See Sceifers*, 46 F.3d at 703 (declining to excuse failure to exhaust where post-conviction petition had been pending for eleven years because delay was attributable in part to the petitioner's own actions).

---

[2] In addition to Hertel's two appeals, he also filed two mandamus petitions against the trial judge claiming that he was moving too slowly in ruling on motions filed in the post-conviction proceedings. The Indiana appellate court denied both of these petitions. *See Hertel v. Frese*, 71S00-1007-OR-00387 (Ind. App. Ct. order dated July 16, 2010); *Hertel v. Frese*, 71S00-0906-OR-00293 (Ind. App. Ct. order dated June 18, 2009).

Accordingly, Hertel's Petition must be dismissed for failure to exhaust his state court remedies.[3] The dismissal will be without prejudice to Hertel's right to file a new petition after the state proceedings have concluded. Because Hertel's federal Petition must be dismissed, his Motion for Modification of Custody Status [DE 2], in which he seeks release on bail while the federal Petition is pending, will be denied as moot.

For these reasons, the Petition [DE 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the Motion for Modification of Custody Status [DE 2] is **DENIED** as moot.

SO ORDERED on August 27, 2010.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[3] The district court should consider staying rather than dismissing a habeas petition containing unexhausted claims when dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no danger of that here because direct review proceedings have not concluded and so the one-year statute of limitations has not even started running. *See* 28 U.S.C. § 2244(d)(1)(A).